IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANDRE MARKEE KING, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:13-CR-73-ODE-JKL |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:16-CV-1436-ODE-JKL |

## FINAL REPORT AND RECOMMENDATION

In March 2013, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiring to commit bank robbery and using a firearm during that conspiracy. (Doc. 1, 3-1, 7.)[1] In August 2013, the Court sentenced Movant to fifty-one months' imprisonment for the conspiracy crime and eighty-four months' imprisonment for the firearm crime, with those sentences to run consecutively. (Doc. 11.) Movant did not file an appeal.

---

[1] All citations to the record are to 1:13-cr-73-ODE-JKL.

On April 24, 2016, Movant, pro se, filed a motion challenging his sentence under 28 U.S.C. § 2255.[2]  (Doc. 12.)  Movant claims that his sentence was unlawfully enhanced.

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does so appear, the Court "must dismiss the motion."[3]  Rule 4, § 2255 Proceedings.  For the reasons discussed below, it is plainly apparent from Movant's § 2255 motion and the record in this case that Movant is not entitled to relief.

Movant bases the sole claim in his § 2255 motion on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (Doc. 12.)  The Supreme Court held in that case that the

---

[2] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  As there is no contrary evidence, Movant is presumed to have given his § 2255 motion to officials for mailing on the day he signed it, which was April 24, 2016.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice.  *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006).  This Report and Recommendation provides such notice.

2

residual clause of the Armed Career Criminal Act's (the "ACCA") definition of "violent felony" is unconstitutionally vague and, thus, that it is a violation of due process to enhance a defendant's sentence based on the residual clause. *Johnson*, 135 S. Ct. at 2563. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a minimum fifteen-year prison sentence if he has at least three prior convictions for a violent felony. 18 U.S.C. § 924(e). The ACCA's definition of "violent felony" includes a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). That is the residual clause that the Supreme Court declared unconstitutional. *Johnson*, 135 S. Ct. at 2563.

The Supreme Court issued its decision in *Johnson* on June 26, 2015. On April 18, 2016, the Supreme Court held that the new rule it announced in *Johnson* – that the residual clause in the ACCA's definition of violent felony is unconstitutional – applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Movant contends that, under *Johnson* and *Welch*, he "no longer qualifies for an enhanced sentence and that his enhanced sentence violates due process and should be vacated, set aside or corrected." (Doc. 12.) He further contends that "the predicates used to enhance or designate him as a lawful [sic] offender are now questionable after

3

the Johnson decision" because "[t]he residual clause or a version of it appear in various guidelines and are all subject to being unconstitutionally vague." (*Id.*)

Movant is not entitled to relief under § 2255 for at least two reasons. First, his § 2255 motion is untimely. Second, his claim is barred by the appeal waiver in his plea agreement.

A § 2255 motion generally must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Movant's judgment of conviction became final in September 2013 because that was the deadline to file an appeal of the judgment and Movant did not file an appeal. *See* Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of judgment). Movant filed his § 2255 motion over two years after his judgment of conviction became final.

An alternative starting date for the one-year limitations period is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Movant likely believes that alternative starting date applies here because he relies on *Johnson*, a retroactively applicable Supreme Court decision that was issued less than one year ago.

4

*Johnson* does not apply here, however, because Movant's sentence was not enhanced under the ACCA. The ACCA applies only to certain defendants convicted of being a felon in possession of a firearm. 18 U.S.C. § 924(e)(1). Movant was not convicted of that crime.[4] (Docs. 1, 3-1.) And the ACCA mandates a minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). Movant was sentenced to less than twelve years' imprisonment.[5] (Doc. 11.)

To the extent Movant relies on *Johnson* for a claim that his sentence was improperly enhanced under the U.S. Sentencing Guidelines (the "Guidelines"), that claim is foreclosed. The U.S. Court of Appeals for the Eleventh Circuit has held that *Johnson* does not apply to the Guidelines, even though the Guidelines' definition of "crime of violence" contains a residual clause "nearly identical" to the one declared unconstitutional in *Johnson*. *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015). "By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The [ACCA]

---

[4] Section 922(g) of Title 18 makes it a crime for a convicted felon to possess a firearm. Movant was convicted of using a firearm during and in relation to a crime of violence, which is a separate crime under 18 U.S.C. § 924(c)(1)(A).

[5] The transcript of Movant's sentencing hearing is not in the record, but it is not needed to determine that Movant's sentence was not enhanced under the ACCA because the other facts described above are in the record.

5

defines a crime and fixes a sentence, but the advisory [G]uidelines do neither." *Id.* at 1194 (citation omitted).

*Johnson* thus does not apply to Movant's claim in his § 2255 motion and does not provide a later starting date for the one-year limitations period. Movant had one year from the date his judgment of conviction became final to file his § 2255 motion. Because he did not file the motion within that one-year period, the Court cannot consider his sentencing claim.

Even if Movant had timely filed his § 2255 motion, the Court still cannot consider his sentencing claim because of the appeal waiver in his plea agreement. Movant

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [he] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court or an appeal or collateral attack of any sentence over 84 months with respect to Count Two.

(Doc. 3-1 at 8.) That provision also allowed Movant to file a cross-appeal if Respondent filed an appeal. (*Id.*) Respondent did not file an appeal, and the Court did not sentence Movant to more than eighty-four months' imprisonment on count two

of the information.  (*See* Doc. 11.)  None of the exceptions to Movant's waiver of his right to file a § 2255 motion apply.

An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily.  *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *Williams*, 396 F.3d at 1341 (quotation marks omitted).  That test is satisfied here.

At the plea hearing, the Court discussed the appeal waiver with Movant:

THE COURT: I want to point out to both of the defendants that each of your plea agreements contains a limited waiver of appeal rights. Specifically, your plea agreements say that if I were to give you a sentence above the guideline range, you would be able to appeal that sentence, talking about count one now. Also if the government were to appeal your sentence, you could appeal too, but except for those two instances you are giving up your right to appeal your sentence. Do you understand what I have just said . . . ?

. . . .

[MOVANT]: Yes, ma'am.[6]

(Doc. 7 at 20-21.) That discussion demonstrates that Movant knowingly and voluntarily agreed to the appeal waiver. Movant does not contend otherwise, and his sworn statements at the plea hearing would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). Movant's execution of the written plea agreement further demonstrates that he knowingly and voluntarily agreed to the appeal waiver. (*See* Doc. 3-1.) The appeal waiver is valid and bars Movant's challenge to his sentence.

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [12] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action number 1:16-cv-1436-ODE-JKL be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because it is not reasonably debatable that Movant's § 2255 motion is untimely and that the appeal

---

[6] Later in the hearing, the parties informed the Court that Movant also reserved the right to challenge his sentence if the Court sentenced him to more than eighty-four months' imprisonment on count two. (Doc. 7 at 27-29.) The parties handwrote that addition to the plea agreement, and the Court accepted it. (*Id.*; Doc. 3-1 at 8.)

waiver in the plea agreement bars Movant's claim.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 9th day of May, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE