

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANDRE MARKEE KING,     Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: :: | CRIMINAL ACTION NO. 1:13-CR-73-ODE-JKL |
| UNITED STATES OF AMERICA,     Respondent. | :: :: | CIVIL ACTION NO. 1:16-CV-1436-ODE-JKL |

## **ORDER**

Movant pled guilty to conspiring to commit bank robbery and using a firearm during that conspiracy. (Doc. 1, 3-1, 7.) In August 2013, the Court sentenced Movant to a total of 135 months' imprisonment. (Doc. 11.)

Movant's plea agreement with Respondent contained a waiver of his right to appeal or collaterally challenge his judgment of conviction. (Doc. 3-1 at 8.) Movant did not file an appeal, so his judgment of conviction became final in September 2013, when the deadline to appeal expired.

In April 2016, Movant, pro se, filed a motion challenging his sentence under 28 U.S.C. § 2255. (Doc. 12.) Movant claims that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court unlawfully enhanced his sentence. (*Id.*)

Magistrate Judge Larkins issued a Report and Recommendation ("R&R") that the § 2255 motion be denied. (Doc. 13.) Judge Larkins found that the motion is untimely and barred by the appeal waiver in Movant's plea agreement. (*Id.*) Movant filed objections to the R&R. (Doc. 15.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *see* Fed. R. Civ. P. 72(b).

Movant makes two arguments in his objections. First, he asserts that "[v]irtually every circuit except the eleventh" recognizes that while *Johnson* addressed only the constitutionality of a provision in the Armed Career Criminal Act (the "ACCA"), its holding applies to the nearly identical provision in the U.S. Sentencing Guidelines (the "Guidelines"). (Doc. 15 at 1.) This Court is bound by rulings from the U.S. Court of Appeals for the Eleventh Circuit, which held that *Johnson* does not apply to the Guidelines. *United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015). Because the ACCA played no role in Movant's sentence (or this case for that

2

matter), *Johnson* does not make Movant's otherwise untimely § 2255 motion timely, as explained in the R&R.

Second, Movant asserts that it is unreasonable to think that the appeal waiver in his plea agreement would have made a difference had *Johnson* been decided before he was sentenced because his sentencing range under the Guidelines would have been lower. (Doc. 15 at 2.) The Guidelines range would not necessarily have been lower because, again, *Johnson* did not concern or address the Guidelines. The relevant issue, as correctly explained in the R&R, is that Movant's appeal waiver is valid and expressly bars him from challenging his sentence – on any ground – under § 2255.

The R&R correctly found that Movant's § 2255 motion is both untimely and barred by the appeal waiver in his plea agreement. Movant has not shown error in those findings.

Accordingly, the Court **OVERRULES** Movant's objections [15] and **ADOPTS** the R&R [13] as the opinion of the Court. Movant's § 2255 motion [12] and a certificate of appealability are **DENIED**.

**SO ORDERED** this 2 day of June, 2016.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)